# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3763-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

GREIVIN ESTRADA,
a/k/a GREIVIN BOSA,
and GREIVIN ESTRADA
BARBOSA,

     Defendant-Appellant.

_____

Submitted October 20, 2021 – Decided November 9, 2021

Before Judges Hoffman and Geiger.

On appeal from the Superior Court of New Jersey, Law Division, Warren County, Indictment No. 14-08-0299 and Accusation No. 16-09-0370.

Joseph E. Krakora, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the briefs).

James L. Pfeiffer, Warren County Prosecutor, attorney for respondent (Dit Mosco, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Greivin Estrada appeals from an October 31, 2019 Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

We briefly recount the underlying facts. On December 31, 2013, police officers saw a parked car with its driver's side signal on. When they identified themselves, defendant rolled down the window and stated he pulled over to take a nap. The officers asked if anyone else was in the car and defendant did not respond. From outside the car, the officers saw that defendant's pants were down and his buttocks were exposed. The officers saw movement under a blanket in the backseat of the car and asked defendant to step out of the car. Defendant got into the front seat, drove away at high speed, and was in a hit and run accident before officers caught and arrested him. The victim, a twelve-year-old girl, was found in the backseat without her underwear on.

The victim reported that defendant, a close family friend, picked her up at her house after asking her mother if he could take her to the store, drove to an unknown location, and asked her to take her pants off. He then took his own pants off, put on a condom, and sexually assaulted her. Defendant told her to cover herself up with a blanket in the backseat when the officers arrived.

According to the victim, this was the second time they had sexual intercourse, but she could not remember the date of the other incident. She did not tell anyone about the other incident because defendant told her it would get them both in trouble.

On January 1, 2014, a search warrant was granted for defendant's car. Officers found a pair of men's underwear, a blanket, a bed sheet, an empty Trojan Magnum condom package, and a box of Trojan Magnum condoms containing two unused condoms in the car. The police also found a clear plastic Ziplock bag containing a white, powdery substance on the front seat. The substance field tested positive for cocaine.

On August 27, 2014, a Warren County grand jury returned an indictment charging defendant with first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(1) (count one); second-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a) (count two); second-degree eluding, N.J.S.A. 2C:29-2(b) (count three); third-degree possession of a controlled substance (CDS), N.J.S.A. 2C:35-10(a)(1) (count four); and second-degree possession with intent to distribute CDS, N.J.S.A. 2C:35-5(a)(1) and N.J.S.A. 2C:35-5(b)(2) (count five). Defendant was separately charged with second-degree witness tampering, N.J.S.A. 2C:28-5(d).

On May 10, 2016, the victim's mother advised the Warren County Prosecutor's Office that she received a letter from defendant in May 2015. In the letter, defendant urged her not to testify against him in court, offered to pay for her to take a trip out of the U.S. during the criminal proceedings, and gave her instructions on how to contact him under a false name so that their communications would be secret.

On September 19, 2016, defendant pled to counts one, three, and five, and to second-degree witness tampering, in exchange for a recommended aggregate fifteen-year term subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, and dismissal of the remaining charges. During the plea hearing, defendant acknowledged he understood his sentencing exposure, the terms of the plea agreement, that he voluntarily executed the plea forms, and his satisfaction with the services of trial counsel, who answered all of his questions.

When providing his factual basis for the plea, defendant admitted to committing an act of sexual penetration on the twelve-year-old victim, that his flight from police caused a risk of death or injury to another, that he possessed with intent to distribute more than one-half ounce of cocaine, and that he engaged in witness tampering of the victim's mother.

A-3763-19

On January 6, 2017, defendant was sentenced in accordance with the plea agreement. As to counts one, three, and five, the trial court found aggravating factors one, three, and nine, N.J.S.A. 2C:44-1(a)(1), (3) and (9), mitigating factor, N.J.S.A. 2C:44-1(b)(7), and that the aggravating factors substantially outweighed the mitigating factor. On count one, defendant received a fifteen-year NERA term, parole supervision for life, N.J.S.A. 2C:43-6.4, and compliance with Megan's Law, N.J.S.A. 2C:7-1 to -23, and Nicole's Law, N.J.S.A. 2C:14-12. On counts three and five, he was sentenced to concurrent, flat five-year terms. On the witness tampering charge, the trial court found aggravating factors three and nine, N.J.S.A. 2C:44-1(a)(3) and (9), no mitigating factors, and sentenced defendant to a concurrent, flat five-year term. Counts two and four and the motor vehicle summonses were dismissed.

At the conclusion of the sentencing hearing, the judge advised defendant of his right to appeal his conviction and sentence within forty-five days, his right to request a thirty-day extension of that time period, the right to be represented by counsel on appeal, that counsel would be appointed to represent him if he could not afford an attorney, and that if he failed to file an appeal within the extended deadline, he may lose his right to appeal. Defendant acknowledged he

understood those time frames and signed the standard notice of appeal rights form.

On January 12, 2017, defendant wrote to trial counsel asking whether, on appeal, "I will get a lesser sentence or a higher sentence if the appeal is heard . . . would it be best for me to go through the appeal or not?" Trial counsel responded: "Because you entered a guilty plea there is little to appeal except the sentencing. Judge Curry sentenced you in accordance with the plea bargain, and he gave several reasons for imposing that sentence. I do not think an excessive sentence argument would be successful." Defendant did not file a direct appeal of his conviction or sentence.

On December 20, 2018, defendant filed a pro-se PCR petition, arguing that trial counsel was ineffective at sentencing. PCR counsel was appointed to represent him. Defendant claims he did not pursue a direct appeal because he feared he could get a greater sentence if he was unsuccessful on appeal.

In his supporting certification, defendant stated he was "not challenging the guilty plea in itself," only the fact that he "was not properly represented by counsel at [his] sentencing when [counsel] failed to make the necessary arguments in [his] favor that would have resulted in a lesser sentence[] than was applied." He contended that he would have received a lower sentence, for this,

A-3763-19

his first offense, but did not because trial counsel did not: (a) personalize him by failing to present character witnesses; (b) demand that the judge specify which aggravating factors corresponded to which charges; (c) argue that mitigating factors seven, eight, nine, and ten applied; and (d) argue that aggravating factor one should not be applied to all counts. Defendant also stated that he asked trial counsel to present "character letters" at the sentencing and "she said it wouldn't matter and made no attempt to obtain the letters."[1]

Defendant also claimed that he was not the victim's caretaker, therefore, count two, which charged second-degree endangering the welfare of a child by a caretaker, should have been amended to third-degree endangering.

On October 31, 2019, the trial court heard oral argument. Defendant did not contest his guilty plea or conviction. He claimed that trial counsel should have argued for a sentencing downgrade to a lower degree under N.J.S.A. 2C:44-1(f)(2).

The PCR judge issued an order and oral decision denying PCR without an evidentiary hearing. The judge noted the underlying facts, including the

---

[1] Defendant also contended that the minimum fifteen-year term now mandated by N.J.S.A. 2C:14-2(d) did not apply because the sexual assault occurred before the statute's effective date of May 15, 2014.

statements given by the victim and the defendant, and the factual basis defendant gave for his guilty pleas.

The judge also noted defendant was represented by an experienced public defender, and that defendant was sentenced in accordance with the negotiated plea agreement. The judge explained that defendant could have received a longer sentence, including consecutive terms. As to a sentencing downgrade, the judge found the aggravating factors clearly outweighed the mitigating factors.

Additionally, the judge found trial counsel was not ineffective "by advising her client that she did not think that an excessive sentence appeal would be productive. An attorney with years of experience in the criminal defense world probably knows that this was not an excessive sentence." The judge deemed the sentence the minimum defendant could have received.

On appeal, defendant argues:

> MR. ESTRADA IS ENTITLED TO A REMAND FOR NEW FINDINGS OR FOR AN EVIDENTIARY HEARING ON HIS CLAIM THAT HIS ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILING TO ADVOCATE FOR HIM AT SENTENCING AND MISADVISING HIM ABOUT HIS DIRECT APPEAL, THEREBY CAUSING HIM TO RELINQUISH HIS RIGHT TO A DIRECT APPEAL.

8

Post-conviction relief is not a "substitute for direct appeal; nor is it an opportunity to relitigate a case on the merits." State v. Szemple, 247 N.J. 82, 97 (2021) (citing State v. Jones, 219 N.J. 298, 310 (2014)). "[A] defendant is precluded from using 'post-conviction relief to assert a new claim that could have been raised on direct appeal.'" Id. at 97-98 (citing State v. McQuaid, 147 N.J. 464, 483 (1997). "[G]enerally an alleged excessive sentence—that is, a sentence within the range permitted by a verdict or a plea—is not cognizable on PCR." State v. Hess, 207 N.J. 123, 145 (2011) (citing State v. Clark, 65 N.J. 426, 436-37 (1974)). Two exceptions to the rule forbidding new claims are when "'the ground for relief not previously asserted could not reasonably have been raised in any prior proceeding,' R. 3:22-4(a)(1), and when 'enforcement of the bar to preclude claims, including one for ineffective assistance of counsel, would result in fundamental injustice,' R. 3:22-4(a)(2)." Hess, 207 N.J. at 145.

Where an evidentiary hearing is not held, we conduct a de novo review of the trial court's factual inferences drawn from the record and its legal conclusions. State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016) (citing State v. Harris, 181 N.J. 391, 420-21 (2004); State v. O'Donnell, 435 N.J. Super. 351, 373 (App. Div. 2014)).

New Jersey courts follow the two-prong test adopted in <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). <u>State v. Fritz</u>, 105 N.J. 42, 52 (1987). "First, the defendant must show that counsel's performance was deficient." <u>State v. Gideon</u>, 244 N.J. 538, 550 (2021) (quoting <u>Strickland</u>, 466 U.S. at 687). "Second, the defendant must have been prejudiced by counsel's deficient performance." <u>Ibid.</u>

To satisfy the first prong, a "defendant must show that counsel's representation fell below an objective standard of reasonableness." <u>State v. Pierre</u>, 223 N.J. 560, 578 (2015) (quoting <u>Strickland</u>, 466 U.S. at 688). There is a "'strong presumption' that counsel exercised 'reasonable professional judgment' and 'sound trial strategy' in fulfilling [their] responsibilities." <u>Hess</u>, 207 N.J. at 147 (quoting <u>Strickland</u>, 466 U.S. at 689-90). This "highly deferential standard," requires defendant to prove "that counsel's performance fell 'outside the wide range of professionally competent assistance,'" and "was constitutionally deficient." <u>Ibid.</u> (citations omitted).

The second prong, prejudice to the defendant, is "far more difficult" to prove. <u>Gideon</u>, 244 N.J. at 550 (citing <u>State v. Preciose</u>, 129 N.J. 451, 463 (1992)). Defendant must affirmatively prove prejudice. <u>Id.</u> at 551 (citations omitted). This is "an exacting standard." <u>Ibid.</u> (quoting <u>State v. Allegro</u>, 193

10

N.J. 352, 367 (2008)). Defendant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 446 U.S. at 694.

Ineffective Assistance During the Sentencing Hearing

As we have noted, defendant claims trial counsel did not personalize him by introducing character letters, advocate for applicable mitigating factors, emphasize this was a first offense, or request that the trial court specify the counts aggravating factor one applied to. Relying on State v. Briggs, 349 N.J. Super. 496, 501 (App. Div. 2002), he contends that had trial counsel vigorously argued at the sentencing hearing, the court would have considered mitigating factors eight, nine, and ten, and balanced them with the minimized aggravating factors, a lower sentence would have been required.[2]

In response, the State first argues that defendant's claim is procedurally barred, as he could have but did not file a motion to withdraw his guilty plea, a motion for reconsideration of his sentence, or a direct appeal. The State also

---

[2] On appeal, defendant did not argue or brief the issue of whether he was acting as the victim's caretaker at the time the offenses were committed. We deem that issue waived. See Sklodowsky v. Lushis, 417 N.J. Super. 648, 657 (App. Div. 2011) ("An issue not briefed on appeal is deemed waived."). In any event, count two was dismissed.

contends that the trial court properly applied the aggravating and mitigating factors.

<u>Trial Counsel's Advocacy During the Sentencing Hearing</u>

Defendant was sentenced in accordance with the plea agreement. Accordingly, the sentence is presumed to be reasonable. He was sentenced within the ranges permitted for the offenses. On three of the charges, he received the minimum term permitted for second-degree offenses. On count one, he received a mid-range sentence. Moreover, counsel successfully negotiated concurrent sentences despite defendant's clear exposure to a consecutive sentence on the witness tampering charge.

Moreover, "trial judges are given wide discretion so long as the sentence imposed is within the statutory framework." <u>State v. Dalziel</u>, 182 N.J. 494, 500 (2005). "When the aggravating and mitigating factors are identified, supported by competent, credible evidence in the record, and properly balanced, we must affirm the sentence and not second-guess the sentencing court, provided the sentence does not 'shock the judicial conscience.'" <u>State v. Case</u>, 220 N.J. 49, 65 (2014) (citations omitted).

Defendant contends he would have received a lower sentence if trial counsel had argued that aggravating factors three and nine did not apply. We

disagree. Although defendant had no prior convictions, the trial court did not misapply aggravating factor nine. Aggravating factor nine may be applied to deter the defendant even if the defendant has no prior criminal convictions. State v. Fuentes, 217 N.J. 57, 80 (2014). A psychological evaluation performed at the Adult Diagnostic and Treatment Center pursuant to N.J.S.A. 2C:47-1, found defendant's "criminal sexual behavior was repetitive" and recommended treatment for "relapse prevention." Therefore, finding the need for personal deterrence was supported by the record. So too was the need to deter others from violating the law. "The need for public safety and deterrence increase proportionally with the degree of the offense." State v. Carey, 168 N.J. 413, 426 (2001) (citing State v. Megargel, 143 N.J. 484, 500 (1996)).

Standing alone, defendant's lack of a criminal record does not support application of mitigating factor eight. Generally, mitigating factor eight applies in rare situations where the circumstances that led to the defendant's conduct were unique and thus unlikely to repeat themselves. Interpreting mitigating factor eight to allow its application based primarily on the defendant's lack of prior delinquency or criminal activity would render it duplicative of mitigating factor seven and thereby superfluous, a result this court should avoid. See Franklin Tower One, L.L.C. v. N.M., 157 N.J. 602, 613 (1999).

13

Defendant has not shown that he would have received a term less than fifteen years on count one but for counsel's ineffectiveness. His argument that counsel's failure to advocate for sentencing one-degree lower also lacks merit.

A sentencing downgrade under N.J.S.A. 2C:44-1(f)(2) is appropriate only if "the court is clearly convinced that the mitigating factors substantially outweigh the aggravating factors and where the interest of justice demands" the downgrade. State v. L.V., 410 N.J. Super. 90, 112-13 (App. Div. 2009); see also Megargel, 143 N.J. at 496. "[T]he court must find that there are 'compelling' reasons 'in addition to, and separate from,' the mitigating factors, which require the downgrade in the interest of justice." State v. Locane, 454 N.J. Super. 98, 121 (App. Div. 2018) (quoting State v. Jones, 197 N.J. Super. 604, 607 (App. Div. 1984)). "The interest of justice analysis does not include consideration of defendant's overall character or contributions to the community." Id. at 122 (citing State v. Lake, 408 N.J. Super. 313, 328-29 (App. Div. 2009)). Here, defendant has not demonstrated that the mitigating factors substantially outweighed the aggravating factors or that the interest of justice demands a sentencing downgrade. Therefore, defendant has not demonstrated a reasonable probability that a sentencing downgrade argument would have been successful.

14

Failure to File a Direct Appeal

One of the grounds for PCR is ineffective assistance of counsel "based on trial counsel's failure to file a direct appeal of the judgment of conviction and sentence upon defendant's timely request." R. 3:22-2(e). "[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." State v. Jones, 446 N.J. Super. 28, 32 (App. Div. 2016) (quoting Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000)). In most circumstances, an attorney's error, "even if professionally unreasonable," does not require setting aside a judgment if the error had no effect on the outcome of the case. Ibid. (citation omitted). However, a "forfeiture of the proceeding itself" is a special circumstance that leads to a "presumption of prejudice." Ibid. (citations omitted). "[W]hen counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel" claim. Ibid. (citing Flores-Ortega, 528 U.S. at 484).

The State argues that defendant has not established a prima facie case of ineffective assistance of counsel because he was aware of his right to appeal, was fully informed about the consequences of the failure to file a timely appeal,

A-3763-19

signed a notice appeal rights form, and received a favorable sentence in accordance with N.J.S.A. 2C:14-2(a)(1).

Defendant relies on his letter to trial counsel requesting guidance on whether to appeal his sentence, and counsel's letter response regarding the likelihood of appellate success. As explained below, the record supports counsel's opinion. Defendant points to no other communications regarding appealing his sentence. Thus, he has not demonstrated that he ever directed counsel to file an appeal. Accordingly, he has not shown that a direct appeal was not filed due to ineffective assistance of counsel.

Failure to Hold an Evidentiary Hearing

Defendant contends that he made out a prima facie case of ineffective assistance of counsel, and that he was entitled to an evidentiary hearing because "his overall claim is dependent on evidence outside of the record." We disagree.

To obtain an evidentiary hearing, defendant must establish, by a preponderance of the evidence, "a prima facie case for relief, material issues of disputed fact, and show that an evidentiary hearing is necessary to resolve the claims." R. 3:22-10(b)). "A 'prima facie case' requires that a defendant 'demonstrate a reasonable likelihood that his or her claim, viewing the facts alleged in the light most favorable to the defendant, will ultimately succeed on

the merits[,]' . . . and must be supported by 'specific facts and evidence supporting his allegations.'" State v. Peoples, 446 N.J. Super. 245, 254 (App. Div. 2016) (quoting State v. Porter, 216 N.J. 343, 355 (2013)).

However, "[i]f the [PCR] court perceives that holding an evidentiary hearing will not aid the court's analysis of whether the defendant is entitled to post-conviction relief, . . . then an evidentiary hearing need not be granted." State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013) (quoting State v. Marshall, 148 N.J. 89, 158 (1997)). If the defendant's "allegations are too vague, conclusory, or speculative[,]" they are not entitled to an evidentiary hearing. Porter, 216 N.J. at 355 (quoting Marshall, 148 N.J. at 158). "Rather, defendant must allege specific facts and evidence supporting his allegations." Ibid. Similarly, "'a petitioner must do more than make bald assertions that he was denied the effective assistance of counsel. He must allege facts sufficient to demonstrate counsel's alleged substandard performance.'" Ibid. (quoting State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999)).

Here, as we have already explained, defendant did not present a prima facie case for PCR. See R. 3:22-10(b) ("A defendant shall be entitled to an evidentiary hearing only upon the establishment of a prima facie case . . . ."). Nor has he demonstrated that an evidentiary hearing was required to resolve his

17

claims due to material disputed facts outside the record. See ibid. (defendant must also establish "there are material issues of disputed fact that cannot be resolved by reference to the existing record . . . ."). As to his claim that trial counsel failed to introduce character letters at sentencing, defendant has not identified those character witnesses or provided this court with any of the character letters. With regard to trial counsel's alleged substandard sentencing argument, the transcript reveals exactly what transpired. Similarly, the record includes adequate reference to the communications between defendant and trial counsel regarding filing a direct appeal of his sentence. Notably absent is any assertion that he expressly directed trial counsel to file an appeal. Consequently, an evidentiary hearing was not required.

To the extent we have not addressed them, defendant's remaining arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

In sum, defendant has not demonstrated a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 446 U.S. at 694. Denial of post-conviction relief without an evidentiary hearing was appropriate.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-3763-19